IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-cr-30103 |
| | ) | |
| EMIRE LONG, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING OPINION

RICHARD MILLS, U.S. District Judge:

On July 13, 2012, the Court held a Final Hearing on Revocation of Supervised Release as to Offender Emire Long. The Court imposed a sentence of 24 months imprisonment, to run consecutive to any sentence that may be imposed in *State of Illinois v. Emire Long*, Case No. 2010-CM-756, Circuit Court of Sangamon County, Illinois.

This Sentencing Opinion details the Court's rationale for making the sentence imposed consecutive to the potential state sentence.

1

I.

At the revocation hearing the Court found, upon Long's admission, that he had committed the three violations contained in the Petition for Warrant for Offender Under Supervision [d/e 23] and the Supplemental Petition for Warrant for Offender Under Supervision [d/e 25].

Violation Number 1 of the Supplemental Petition for Warrant alleges the following:

> On May 15, 2010, the offender committed Retail Theft from Shop-n-Save, Springfield, Illinois. Springfield, Illinois police were contacted by Shop-n-Save security about the offender being detained for retail theft. Shop-n-Save security observed the offender enter the store and put two bottles of Grey Goose Vodka and two bottles of Jim Beam Black into a brown bag and attempt to leave the store without paying. The offender was detained until police arrived. The offender was arrested by police and transported to the Sangamon County Jail.
>
> The offender was charged with Retail Theft, Sangamon County, Illinois, Circuit Court, Case No. 2010-CM-756.

Supplemental Petition [d/e 25], page 2. This charge is still pending. *See* Violation Memorandum [d/e 31], page 3.

II.

The Sentencing Commission has promulgated the following policy statement regarding criminal charges that give rise to revocation of supervised release:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

The Court recognizes that the Sentencing Commission's policy statements regarding revocation of supervised release are not binding upon the Court. *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005) ("policy statements are to be given great weight by the sentencing judge, but are non-binding").

In addition, the Court is aware of the decision in *United States v. Lawrence Taylor*, 628 F.3d 420 (7th Cir. 2010). In *Taylor*, the Court of Appeals held that a sentencing court could make the revocations sentence and the new sentence run concurrently, even though the Guidelines

Manual states that the sentences "shall be ordered to be served consecutively." *Id.* at 424-25.

The Court acknowledges this discretion, but in this case finds that a consecutive sentence is warranted because of the need to reflect upon the Offender the seriousness of violating the terms and conditions of supervised release.

There needs to be a separate consequence for violating the terms of supervised release, apart from the punishment of any other crime.

### III.

The Court notes that it is aware of the decision in *Romandine v. United States*, 206 F.3d 731 (2000). In *Romandine*, the Court of Appeals stated that a "judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose." *Id.* at 737-38.

However, the Court is also aware of the Supreme Court's decision in *Setser v. United States*, 132 S. Ct. 1463 (2012). In *Setser*, the Supreme Court held the following:

> Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or

4

consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. And a large majority of the federal appellate courts addressing the question have recognized a similar authority in the context here, where a federal judge anticipates a state sentence that has not yet been imposed. We find nothing in the Sentencing Reform Act, or in any other provision of law, to show that Congress foreclosed the exercise of district courts' sentencing discretion in these circumstances.

*Id.* at 1468 (citations and footnote omitted).

Therefore, the Court concludes, in light of *Setser*, that it has the authority to make the sentence imposed run consecutive to a state sentence that has not yet been imposed.

ENTER: July 16, 2012

FOR THE COURT:          */s/ Richard Mills*
                        _____
                        Richard Mills
                        United States District Judge